## W. J. Turnes, Trading as W. J. Turnes Company, Appellant, v. L. M. Johnson, Appellee.

### Gen. No. 17,403.

1. EVIDENCE—*when proof of contract is improperly excluded.* Where plaintiff sues as an individual doing business under a trade name, it is error to exclude proof of the contract alleged in the declaration because the style under which the plaintiff did business is not established, without indicating that the ruling relates merely to the order of proof.

2. CORPORATIONS—*contract made by individual doing business in corporate name.* A contract made by an individual under a corporate name is not void though there has been no incorporation.

3. CRIMINAL LAW—*doing business under a corporate name.* Criminal Code, § 220, does not make it an offense to do business under a "corporate name" or a name which implies an incorporation when there has been no incorporation.

4. CORPORATIONS—*doing business without warrant under a corporate name.* The Corporation Act, § 18, provides the only penalty for doing business without warrant under a corporate name, namely, that the person or persons doing so are "jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed April 21, 1913. Rehearing denied May 5, 1913.

JAMES HIBBEN, for appellant.

HEBEL & HAFT, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

December 14, 1908, praecipe was filed in the clerk's office of the Municipal Court of Chicago, demanding a summons to the defendant in a plea of trespass on the case on promises in a cause of the first class entitled W. J. Turnes Company, plaintiff, v. L. M. Johnson, defendant.

A summons was issued in conformity with the praecipe, returnable on the 21st day of December, 1908. December 16, 1908, a declaration was filed in said cause, by which "W. J. Turnes Company, a corporation," purported to complain of L. M. Johnson, defendant, for that the defendant has not paid to the plaintiff certain sums of money, to the damage of the plaintiff in the amount of $2,500, wherefore it brought suit, etc.

The averments of the declaration, except the consolidated common money counts, were based on a certain contract in writing, which the plaintiff alleged the defendant had entered into with the plaintiff for constructing a three-story factory building in Chicago, which the plaintiff further averred it had fully carried out and on which it asserted a balance of the contract price of $1,200 damages to the amount of $500 and compensation for extra work to the amount of $357.03 were still due and unpaid.

The contract was set out in full in the declaration. It begins:

"This agreement, made at the City of Chicago, this twelfth day of March, 1907, between W. J. Turnes Company, 167 Dearborn St.,    *    *    *    party of the first part (hereinafter called the Contractor) and M. L. Johnson,    *    *    *    party of the second part, (hereinafter called the Owner);

Witnesseth: That the said party of the first part," etc.

As recited in the declaration it closes and is signed as follows:

"In witness whereof, the said parties have here-

under set their hands and seals the day and year first above written.

First Party:        W. J. TURNES COMPANY,
                    By W. J. TURNES (SEAL)
Second Party:       L. M. JOHNSON . (SEAL)
Witness: THOMAS H. MULLAY (SEAL)"

As offered in evidence, however, at the trial to be hereinafter described, the contract appears to be signed:

"(First Party)  W. J. TURNES COMPANY
(W. J. TURNES COMPANY)
(    CORPORATE SEAL    )  WM. J. TURNES, Pres. (SEAL)
(    CHICAGO, ILL.    )
    (Second Party)  L. M. JOHNSON    (SEAL)
    (Witness)  THOMAS H. MULLAY    (SEAL)"

An affidavit of merits was annexed to the declaration running as follows:

"W. J. TURNES COMPANY ⎫
            vs.             ⎬
    L. M. JOHNSON.        ⎭

William J. Turnes, being first duly sworn, deposes and says that he is the President of the plaintiff in the above entitled suit. That the demand of the plaintiff in the said suit is for work, labor and services rendered and materials furnished by plaintiff for defendant at the request of the defendant and for damages for wrongful withholding from said plaintiff a final certificate, to which it was duly entitled; and there is due to the plaintiff from the defendant, after allowing to him all just credits, deductions, demands and set offs, the sum of Two Thousand Fifty Seven Hundred and 03/100 ($2057.03) Dollars.

                        WILLIAM J. TURNES.

Subscribed and sworn to before me this 15th day of December, A. D. 1908.

            GEO. C. GUTHRIE,
                Notary Public."

L. M. Johnson, the defendant, entered his appearance by his attorney and afterward pleaded that he, the defendant, had sued the W. J. Turnes Company on the identical contract set up in the plaintiff's declaration, and that said suit was pending in the Appellate Court of this District, and that a final judgment

entered for said Johnson would be a complete bar to
the plaintiff's action in this case.  He also pleaded
*non-assumpsit* and filed an affidavit of defense to the
whole of the plaintiff's demand.  To this plea the
plaintiff demurred, still under the name of the W. J.
Turnes Company, and the demurrer was sustained and
the defendant ruled to plead.  On the 4th of June,
1909, the defendant added to the plea of the general
issue, already on file, a plea of *"nul tiel* corporation,"
denying the existence of any such corporation as "W.
J. Turnes Company," and verified said plea by affi-
davit.

On the 5th of June, 1909, the plaintiff filed a repli-
cation to this plea of *nul tiel* corporation, averring
that on March 12, 1907, the defendant entered into a
written sealed contract with the plaintiff, on which
the suit was based, as a corporation, and afterward
on May 19, 1908, sued the plaintiff as a corporation
upon said contract, in which suit a judgment was ren-
dered in favor of the plaintiff herein (defendant in
said suit) by the name of the W. J. Turnes Company;
by reason of all which the plaintiff claimed that the
defendant was estopped from pleading in this cause
that there was no such corporation as the W. J.
Turnes Company.

It does not appear that any disposition was ever
made of this replication or that any rejoinder was
ever made to it.

The transcript of the record before us, however,
contains a recital that on June 23, 1909, "a certain
Amendment of the Declaration" was filed in the office
of the Clerk of the Municipal Court, "in words and
figures following," and then shows, not "an amend-
ment of the declaration" nor an order allowing an
amendment, but a document signed by the plaintiff's
attorney, by which he "moves the court to amend the
declaration filed herein by substituting the words 'W.
J. Turnes, doing business as W. J. Turnes Company,'
in lieu of the words 'W. J. Turnes Company, a cor-

poration,' wherever the same occur in the declaration filed herein."

When the case came on for trial in January, 1911, however, this condition of the record seems to have been taken as equivalent to an amendment of the pleadings and all other necessary papers, and as showing that the action was being prosecuted by W. J. Turnes as an individual and not by the W. J. Turnes Company. This is shown by the following portions of the colloquy set forth in the bill of exceptions:

The signatures to the contract—

W. J. TURNES COMPANY,

WM. J. TURNES, Pres.    (SEAL)

and

L. M. JOHNSON    (SEAL)

having been proven to be made by Turnes and Johnson respectively, the contract was offered in evidence by Mr. Hibben, the counsel for the plaintiff. Then occurred this conversation:

"MR. HAFT: I object to it as incompetent, irrelevant and immaterial and for the reason that no foundation is shown for its introduction in evidence or pleading, and on the further ground that this action is now being prosecuted by W. J. Turnes, an individual, and that this contract offered does not purport to be his contract, but that of W. J. Turnes Company, a corporation.

THE COURT: You want the record to show you made the offer?

MR. HIBBEN: Yes, I want a ruling on it first.

THE COURT: The objection is sustained.

(Exception by plaintiff's counsel.)

MR. HIBBEN: Let the record show that because of the sustaining of the objection to the admissibility of the contract testified to by the witness on the stand, the plaintiff rests.

MR. HAFT: So there won't be any question on the pleading you made a motion in writing and was granted leave to amend the declaration.

MR. HIBBEN: Yes.

MR. HAFT: That has not been done in form. You

got leave to amend but have never formally amended.
\*      \*      \*      \*      \*      \*      \*      \*      \*

MR. HIBBEN: I think the record of this Court will show leave to amend.

MR. HAFT: Yes, but you haven't done it. We have been arguing it as if you had.

MR. HIBBEN: Let this motion stand as a motion to amend the declaration.

MR. HAFT: Let the record show this: It is stipulated and agreed that the declaration filed herein may be treated as if the amendment heretofore moved for and allowed by the Court had in fact been made, and that the declaration be treated as if the plaintiff appeared to be W. J. Turnes doing business as W. J. Turnes Company.

MR. HIBBEN: Yes, that is all right.''

The defendant then offered in evidence a ''Contractor's Bond'' to secure Johnson against loss by breach of the contract aforesaid, which purported to be signed by the W. J. Turnes Company, as principal, and the Metropolitan Surety Company as surety. He interrogated Turnes as follows concerning it:

''I ask you if that name appearing there above the words, 'Name of corporation, W. J. Turnes Company, Wm. J. Turnes, Pres.,' was placed thereon by you?''

To which Turnes replied in the affirmative. Then defendant's counsel referring to what purported to be a corporate seal of the W. J. Turnes Company, also on the bond, asked if it was put there by the witness, who replied: ''Yes; under the assumption that it was a corporation.''

This is substantially all that occurred at the trial so far as the bill of exceptions shows.

The court instructed the jury to find for the defendant, and a verdict was rendered in accordance therewith. A motion for a new trial and one in arrest of judgment were overruled and a judgment of *nil capiat* and for costs entered against the plaintiff. The plaintiff appealed to this court and assigned as the

principal error on which the other errors assigned really turn, the refusal to admit in evidence the contract sued on and set forth in the declaration.

We think this refusal, under the circumstances shown by the record and under the situation fairly inferable therefrom, was erroneous and might well result in a failure of justice.

Despite the anomalous state of the record, in the making of which very little regard for accuracy seems to have been had by anybody concerned, we have concluded that we must treat the case as though all necessary amendments had been made to constitute it, to use the language of the appellee's counsel in making his objection to the contract, one "prosecuted by W. J. Turnes as an individual."

On this assumption the declaration must be considered to include among its allegations material and relevant to the controversy, one that William J. Turnes, the plaintiff, was doing business as W. J. Turnes Company, and another that the contract set forth in the declaration was made. It was competent and relevant to prove both the one and the other, and the order in which they were proved was in the first instance immaterial. Undoubtedly the court could control the order of proof, but it seems to us an abuse of discretion to refuse the evidence of the existence of the contract until the name under which William J. Turnes was doing business was proven, without indicating that the ruling was one relating to the order of proof merely, and that the contract might be admissible later if the style under which Turnes did business was first established. In that view, therefore, if the ruling was one based on the power of the court to control the order of proof, we think the cause should be remanded for a new trial. If the connection between the contract and the plaintiff as an individual were not proven after the contract had been admitted, the peremptory instruction would have been justified. But the exclusion of the contract without the indica-

tion that we speak of, we do not think was justifiable.

But the tenor of the colloquy between counsel and between counsel and the court would seem to imply that the ruling was not on this ground, but on the ground that the contract under the pleadings as amended would at any time and with any other proof have been incompetent or irrelevant. This is not our opinion.

Counsel for appellee argue that the contract, if made by William J. Turnes in the name of W. J. Turnes Company, was "in violation of a statute" and therefore void, and one on which no action could be maintained. We know of no statute of which it would be in violation.

By Section 220 of the Criminal Code as enacted in 1874 (said section incorporating the material part of an Act of March 10, 1869) it is provided that "if any person puts forth any *sign or advertisement and therein assumes, for the purpose of soliciting business,* a corporate name not being incorporated," he may be punished by a fine; but the offense thus constituted is not doing business under a "corporate name" or a name which implies an incorporation. It is only the putting forth a sign or advertisement under such a name for the purpose of soliciting business which is made a misdemeanor.

Section 18 of the Corporation Act provides the only penalty (which would exist indeed without it) for doing business without warrant under a corporate name, namely—that the person or persons doing so are "jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation."

The judgment of the Municipal Court is reversed and the cause remanded to said court.

*Reversed and remanded.*